Petronella Garionis and Stanley Tolekus, Appellants, v. Z. S. Mickevice, Trading as Z. S. Mickevice and Company, and Gust Nasios, Appellees.

Gen. No. 40,201.

Opinion filed February 1, 1939.

JOSEPH J. GRISH, of Chicago, for appellants.

No appearance for appellees.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

Two separate actions, one by Petronella Garionis, the other by Stanley Tolekus, were brought in the municipal court of Chicago, against Z. S. Mickevice, doing business as Z. S. Mickevice & Company, and Gust Nasios. Each action is predicated upon a separate contract, alleged to have been made by each of the plaintiffs with the defendants, for the purchase from Nasios of certain real estate. In each case plaintiffs seek to recover moneys paid to defendants as part payment for the real estate agreed to be purchased by each of the plaintiffs from Nasios, because of the alleged breach, by defendants, of the contract between the parties. In each case a counterclaim was filed by defendants against plaintiffs, seeking to recover the balance alleged to be due from each, on such contracts. By agreement of all the parties, the two causes were consolidated and a hearing had in each case. In each case the court found for the defendants and entered judgment against each plaintiff for the balance claimed to be due. This is an appeal from the two judgments. The two causes are docketed here as one case on appeal. There is no appearance here by either of the defendants.

In the Garionis case, plaintiff alleged that on April 21, 1937, she entered into a contract with Gust Nasios, by which she agreed to purchase from Nasios certain

real estate in the city of Chicago for the sum of $1,300; that the deal was made through the Mickevice firm, and that on that date she paid to the defendant Mickevice the sum of $200 in cash, and also executed a note for the sum of $100; that the contract which was signed by both Petronella Garionis and Gust Nasios recited, among other things, that Nasios agreed to sell to Petronella Garionis certain real estate for the price mentioned, title thereto to be conveyed by warranty deed, free from all incumbrances and subject only to taxes levied for the year 1937, the special assessments for the years 1936 and 1937 to be prorated. The contract further recited the amount of payments made, as before suggested, and plaintiff further agreed to pay the balance at the office of the defendant Mickevice within five days after the title had been found good, provided that the warranty deed of conveyance would convey to plaintiff a merchantable title. The contract also provided that:

"A Certificate of Title issued by the Registrar of Titles of Cook County, or complete merchantable Abstract of Title or merchantable copy brought down to date hereof, or merchantable title Guaranty Policy made by C. T. & T. Co. shall be furnished by the vendor within a reasonable time, which abstract shall, upon the consummation of this sale remain with the vendor, or his assigns, as part of his security, until the deferred installments are fully paid." The complaint recited that plaintiff had made repeated demands for a guaranty policy, or for the return of her money and note, but that defendants had failed to deliver either an abstract showing a merchantable title, or a guaranty policy made by the Chicago Title & Trust Company, or to return her money and note.

In the Stanley Tolekus case, it is charged that on September 23, 1937, the defendants entered into the same character of contract with Tolekus as that made with Petronella Garionis, except that it was for the

conveyance of a lot adjoining the lot agreed to be conveyed to Petronella Garionis, and the down payment made by Tolekus was $300 in cash instead of $200 in cash and a note.

Defendants introduced in evidence a document issued by the Chicago Title & Trust Company on June 22, 1937, addressed to the defendant Mickevice, in which it is stated that the Chicago Title & Trust Company had received an application for a guaranty policy on the two lots mentioned to include June 15, 1937, and in which it is stated that a guaranty policy would be issued subject to the usual terms and subject to taxes for the years 1930 to 1937 inclusive, also subject to the fact that the two lots were forfeited to the State of Illinois on June 14, 1934, for general taxes for the year 1930 and 1931; reciting forfeiture to the State for general taxes for the year 1933; also subject to certain building restrictions, and stating that a certain person who held title to the property had died on August 5, 1930, leaving certain heirs surviving, and reciting that there were certain unpaid claims against the estate of the owner of these lots.

An examination of the record clearly indicates that these defendants had not complied in any respect with their agreement to furnish plaintiffs with what is termed a merchantable title to these properties, but on the contrary, it is apparent that they were unable to give plaintiffs any title whatever, free and clear of incumbrances. It is indicated that the back taxes due and unpaid amount to more than the purchase price of the properties.

The judgment of the municipal court of Chicago is reversed and the cause is remanded with the direction that the court enter a judgment in favor of plaintiffs in each case for the sum of $300 and costs of suit.

*Reversed and remanded with directions.*

HEBEL and DENIS E. SULLIVAN, JJ., concur.